UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROFESSIONAL HOME CARE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV00512 (RJL) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary, of Health and Human Services,) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER

Defendant, by and through his undersigned counsel, answers Plaintiff Professional Home Care, Inc. ("PHC")'s Complaint (the "Complaint") as follows:

### FIRST DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

1. Denies the first sentence of this paragraph, except to admit that PHC is a home health agency located in Oklahoma which during the relevant period provided physical therapy services. Admits the second sentence. Denies the third sentence, except to admit that PHC participates in the Medicare program.

2. Denies the first sentence of this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for administration of the Medicare program, and that he has delegated considerable authority for administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the

Health Care Financing Administration).  Admits the second and third sentences.  The fourth sentence contains Plaintiff's characterization of its complaint, not allegations of fact, and thus no response is required.  The fifth sentence contains Plaintiff's characterization of this action and conclusions of law, not allegations of fact, and thus no response is required.

     3.  The first sentence of this paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.  The second and third sentences contain Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395oo and the Administrative Procedure Act, not allegations of fact, to which no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.  The Secretary lacks information sufficient to admit or deny the claim that the Plaintiff received the Administrator's decision on January 23, 2006, and on that basis denies the allegations of the fourth sentence.  The fifth sentence contains a conclusion of law, not an allegation of fact, to which no response is required.

     4-5.  These paragraphs contain conclusions of law and characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and

respectfully refers the Court to the cited provision, 42 U.S.C. § 1395oo(f), for a complete and accurate statement of its contents.

6. Admits the first sentence of this paragraph. The second sentence contains Plaintiff's characterizations of various provisions of the Medicare statute, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Admits the third sentence. Denies the fourth sentence, except to admit that CMS often contracts with entities, including private insurance companies, to act as Medicare fiscal intermediaries, which act as the Secretary's agents in determining and processing payments to Medicare providers.

7. The first sentence of this paragraph contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395x(v), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Admits the second sentence.

8. This paragraph contains conclusions of law and an excerpt from, and Plaintiff's characterization of, 42 U.S.C. § 1395x(v)(5)(A), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the

Court to the cited provision for a complete and accurate statement of its contents.

    9. The first sentence of this paragraph contains an excerpt from 42 U.S.C. § 1395x(w)(1), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The second sentence contains a conclusion of law, not an allegation of fact, to which no response is required.

    10. This paragraph contains Plaintiff's characterizations of various provisions of the Medicare statute, not allegations of fact, and thus no response is required.

    11. The first and second sentences of this paragraph contain Plaintiff's characterizations of 42 C.F.R. § 413.106, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Admits the third sentence. Denies the fourth sentence, except to admit that guidelines were announced in a 1981 proposed rule and in a 1983 final rule, and that these guidelines were adjusted upward at regular intervals throughout the relevant period. Denies the fifth and sixth sentences.

    12. Admits the first and second sentences of this paragraph. Denies the third sentence. The fourth sentence contains an excerpt from the Provider Reimbursement Manual ("PRM") § 1403. The Secretary admits that the excerpt is accurate, but

respectfully refers the Court to the cited provision, which can be found at pages 303-304 of the Administrative Record in this case ("A.R."), for a complete and accurate statement of its contents. Denies the fifth sentence.

13. Admits the first sentence. The second sentence contains an excerpt from PRM § 1403. The Secretary admits that the excerpt is accurate, but respectfully refers the Court to the cited provision, which can be found at AR 303-04, for a complete and accurate statement of its contents. Denies the third sentence and respectfully refers the Court to the cited provision and decision, for a full and accurate statement of their contents. (See A.R. 2-14, 303-04).

14. Denies the first sentence of this paragraph, except to admit that the Administrator, his delegates, and his predecessors have taken the position that the Salary Equivalency Guidelines may be applied to the payments made by providers to therapist-employees who are paid on a per-visit basis. Based on the wording of the Complaint, the Secretary is unable to determine which "case rulings" are referred to in the second sentence, and on that basis denies the allegations of that sentence.

15. The first and second sentences of this paragraph contain conclusions of law and an excerpt from and Plaintiff's characterization of 42 C.F.R. § 413.106(c)(5), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks

for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the third and fourth sentences.

16. Denies.

17. Admits.

18. Denies the first sentence of this paragraph, except to admit that, in connection with the cost reporting periods for the Fiscal Years 1995 through 1998, both employees and contractors of the Plaintiff supplied physical therapy services to Medicare and non - Medicare patients, and that Plaintiff has alleged that its physical therapist-employees were treated in certain respects like its other employees. Admits the second and third sentences.

19. Denies the first sentence of this paragraph, except to admit except to admit that Medicare providers are required to submit their claims for payment to their fiscal intermediary. Admits the second and third sentences.

20. Admits.

21. The first sentence of this paragraph contains Plaintiff's characterization of 42 U.S.C. § 1395oo(a), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Admits the second sentence.

22. Admits.

23. Admits the first sentence of this paragraph. The remainder of this paragraph contains Plaintiff's characterization of the PRRB's November 18, 2005 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision, for a full and accurate statement of its contents. (See A.R. 31-41).

24. This paragraph contains Plaintiff's characterization of the PRRB's November 18, 2005 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the PRRB's November 18, 2005 decision for a full and accurate statement of its contents. (See A.R. 31-41)

25. The first sentence of this paragraph contains Plaintiff's characterization of the preconditions to Administrator review of PRRB decisions set forth in 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1875, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Denies the second sentence, except to admit that on November 30, 2005, the Intermediary requested that the Administrator review the PRRB's November 18, 2005 decision and that, on or about December 5, 2005, CMS'

Center for Medicare Management also requested the Administrator to review that PRRB decision.

26.  Admits the first sentence of this paragraph.  The remainder of this paragraph contains Plaintiff's characterization of the Administrator's January 13, 2006 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision for a full and accurate statement of its contents. (See A.R. 2-14).

27.  The first and second sentences of this paragraph contain Plaintiff's characterization of the Administrator's January 13, 2006 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the Administrator's January 13, 2006 decision for a full and accurate statement of its contents.  (See A.R. 2-14).  Denies the third, fourth, fifth, sixth, and seventh sentences.

28.  The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 27 of the Complaint, as if each answer were set forth in full.

29-32.  Denies.

33.  The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 32 of the Complaint, as if each answer were set forth in full.

34. Denies sentences six and seven of this paragraph. The remainder of this paragraph contains conclusions of law and excerpts from and Plaintiff's characterization of 42 U.S.C. § 1395hh, not allegations of fact, to which no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

35. The second sentence of this paragraph sets forth Plaintiff's legal conclusions and is ambiguous and thus is denied on those bases. Defendant denies the remainder of the allegations of this paragraph.

36. The first sentence of this paragraph contains conclusions of law and Plaintiff's characterization of <u>Bowen v. Georgetown University Hospital</u>, 488 U.S. 204 (1998), not allegations of fact, to which no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the decision for a complete and accurate statement of its contents. The second sentence contains a conclusion of law, not an allegation of fact, to which no response is required.

37. Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

        Respectfully submitted,

        _____/ s /_____
        KENNETH L. WAINSTEIN
        (D.C. Bar No. 451058)
        United States Attorney

        _____/ s /_____
        PETER S. SMITH
        (D.C. Bar No. 465131)
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 307-0372

_____/ s /_____
JONATHAN C. BRUMER
(D.C. Bar No. 463328)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W., Room 5344
Washington, D.C. 20201